## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

AHZAR SAIYED, Individually and as Administrator ) 
of the Estate of MIKAZNAAZ SAIYED, deceased )
and as Father and Next Friend of HOORAYN )
SAIYED, a minor )    No.      **2020L006328**
 )
Plaintiffs, )    **Please Serve: Sarah Lambeth, M.D.**
 )                     **2480 N. Milwaukee Avenue, Apt. 633**
v. )                     **Chicago, Illinois 60647**
 )
SWEDISH COVENANT HOSPITAL, SWEDISH )
COVENANT HEALTH, SWEDISH COVENANT )
MANAGEMENT SERVICES, INC. CARLY )
BENDZANS, R.N. and SARAH LAMBETH, M.D. )
 )
Defendants )

### SUMMONS

**To each defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court (located in the Richard J. Daley Center, Room*, Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

6/15/2020

WITNESS,..................................., 2 **0**.

6/12/2020 1:58 PM DOROTHY BROWN

..............................................................

Clerk of Court

**PHILLIPS LAW OFFICES**
**Attorney for Plaintiff**
**161 North Clark - Suite 4925**          Date of Service:..................................., 2020.
**Chicago, Illinois 60601**          (To be inserted by officer on copy left with defendant
**312/346-4262**          or other person)
**Atty No. 40082**
**eservice@phillipslegal.com**

**Service by Facsimile Transmission will be accepted at:_____

(Area Code) (Facsimile Telephone Number)

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

*Law Division Room 801

2020L006328

Chancery Division Room 802
County Division Room 1202
Probate Division Room 1202

FILED
6/12/2020 1:58 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020L006328
9469978

STATE OF ILLINOIS )
               ) SS
COUNTY OF COOK )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

AHZAR SAIYED, Individually and as )
Administrator of the Estate of )
MIKAZNAAZ SAIYED, deceased )
and as Father and Next Friend of )
HOORAYN SAIYED, a Minor )
               )   No.   **2020L006328**
               )
v. )
               )
SWEDISH COVENANT HOSPITAL, )
SWEDISH COVENANT HEALTH, )
SWEDISH COVENANT MANAGEMENT )
SERVICES, INC., CARLY BENDZANS, R.N. )
and SARAH LAMBETH, M.D. )

## COMPLAINT AT LAW

Plaintiff, AZHAR SAIYED, Individually and as Administrator of the Estate of MIKAZNAAZ SAIYED, deceased and as Father and Next Friend of HOORAYN SAIYED, a Minor, and complaining against the Defendants, SWEDISH COVENANT HOSPITAL, SWEDISH COVENANT HEALTH, SWEDISH COVENANT MANAGEMENT SERVICES, INC., CARLY BENDZANS, R.N. and SARAH LAMBETH, M.D. state as follows:

## FACTS COMMON TO ALL COUNTS

1.     Plaintiff, AZHAR SAIYED has been appointed the Independent Administrator of the Estate of MIKAZNAAZ SAIYED, deceased, by the Circuit Court of the COOK COUNTY, State of Illinois. (*See* Exhibit A.)

FILED DATE: 6/12/2020 1:58 PM   2020L006326

2.      At all times pertinent, the Defendant, SWEDISH COVENANT HOSPITAL, through its agents, servants, and employees, owned, operated, maintained, and controlled a certain hospital, where it made facilities available to persons in need of medical and surgical procedures.

3.      At all times pertinent, the Defendant, SWEDISH COVENANT HOSPITAL was an Illinois corporation doing business in the County of Cook, State of Illinois.

4.      At all times pertinent, the Defendant, SWEDISH COVENANT HEALTH, through its agents, servants, and employees, owned, operated, maintained, and controlled a certain hospital, where it made facilities available to persons in need of medical and surgical procedures.

5.      At all times pertinent, the Defendant, SWEDISH COVENANT HEALTH was an Illinois corporation doing business in the County of Cook, State of Illinois.

6.      At all times pertinent, the Defendant, SWEDISH COVENANT MANAGEMENT SERVICES, INC. through its agents, servants, and employees, owned, operated, maintained, and controlled a certain hospital, where it made facilities available to persons in need of medical and surgical procedures

7.      At all times pertinent, the Defendant, SWEDISH COVENANT MANAGEMENT SERVICES, INC. was an Illinois corporation doing business in the County of Cook, State of Illinois.

8.      Defendant SWEDISH COVENANT HEALTH manages and/or operates SWEDISH COVENANT HOSPITAL.

9.      Defendant SWEDISH COVENANT HEALTH owns in whole or in part SWEDISH COVENANT HEALTH.

2

FILED DATE: 6/12/2020 1:58 PM   2020L006328

10.     Defendant SWEDISH COVENANT HEALTH has officers/managers in common with SWEDISH COVENANT HOSPITAL.

11.     Defendant SWEDISH COVENANT HEALTH manages and/or operates SWEDISH COVENANT MEDICAL SERVICES, INC.

12.     Defendant SWEDISH COVENANT HEALTH has officers/managers in common with SWEDISH MEDICAL SERVICES, INC.

13.     On May 29, 2019, MIKAZNAAZ SAIYED was admitted to Defendant SWEDISH COVENANT HOSPITAL for induction of labor and delivery of her daughter, HOORAYN SAIYED.

14.     On May 29, 2019, MIKAZNAAZ SAIYED was admitted to Defendant SWEDISH COVENANT HEALTH for induction of labor and delivery of her daughter, HOORAYN SAIYED.

15.     While a patient at Defendant, SWEDISH COVENANT HEALTH, MIKAZNAAZ SAIYED came under the care of Defendant physician, SARAH LAMBETH, M.D, thereby establishing a physician-patient relationship.

16.     While a patient at Defendant, SWEDISH COVENANT HEALTH, MIKAZNAAZ SAIYED came under care of Defendant, CARLY BENDZANS, R.N, a nursing midwife, thereby establishing a nursing-patient relationship.

17.     While a patient at Defendant, SWEDISH COVENANT HOSPITAL, MIKAZNAAZ SAIYED came under the care of Defendant physician, SARAH LAMBETH, M.D, thereby establishing a physician-patient relationship.

3

FILED DATE: 6/12/2020 1:58 PM   2020L006328

18.    While a patient at Defendant, SWEDISH COVENANT HOSPITAL, MIKAZNAAZ SAIYED came under care of Defendant, CARLY BENDZANS, R.N, a nursing midwife, thereby establishing a nursing-patient relationship.

19.    At all times relevant to this Complaint, Defendant, SARAH LAMBETH, M.D. was an employee or agent of Defendant SWEDISH COVENANT HEALTH.

20.    At all times relevant to this Complaint, Defendant, SARAH LAMBETH, M.D. was an apparent agent of Defendant SWEDISH COVENANT HEALTH.

21.    At all times relevant to this Complaint, Defendant, SARAH LAMBETH, M.D. was an employee or agent of Defendant SWEDISH COVENANT HOSPITAL.

22.    At all times relevant to this Complaint, Defendant, SARAH LAMBETH, M.D. was an apparent agent of Defendant SWEDISH COVENANT HOSPITAL.

23.    At all times relevant to this Complaint, Defendant, SARAH LAMBETH, M.D. was an employee or agent of Defendant SWEDISH COVENANT MANAGEMENT SERVICES, INC.

24.    At all times relevant to this Complaint, Defendant, SARAH LAMBETH, M.D. was an apparent agent of Defendant SWEDISH COVENANT MANAGEMENT SERVICES, INC.

25.    At all times relevant to this Complaint, Defendant, CARLY BENDZANS, R.N. was an employee or agent of Defendant SWEDISH COVENANT HEALTH.

26.    At all times relevant to this Complaint, Defendant, CARLY BENDZANS, R.N. was an apparent agent of Defendant SWEDISH COVENANT HEALTH.

27.    At all times relevant to this Complaint, Defendant, CARLY BENDZANS, R.N. was an employee or agent of Defendant SWEDISH COVENANT HOSPITAL.

28.    At all times relevant to this Complaint, Defendant, CARLY BENDZANS, R.N. was an apparent agent of Defendant SWEDISH COVENANT HOSPITAL.

4

FILED DATE: 6/12/2020 1:58 PM   2020L006326

29.     At all times relevant to this Complaint, Defendant, CARLY BENDZANS, R.N, was an employee or agent of Defendant SWEDISH COVENANT MANAGEMENT SERVICES, INC.

30.     At all times relevant to this Complaint, Defendant, CARLY BENDZANS, R.N. was an apparent agent of Defendant SWEDISH COVENANT MANAGEMENT SERVICES, INC.

31.     At all times relevant to this Complaint, Defendant SWEDISH COVENANT HEALTH, through its employees, agents, and/or apparent agents provided care of and to MIKAZNAAZ SAIYED and HOORAYN SAIYED at or near the time of the induction of labor and delivery of HOORAYN SAIYED.

32.     At all times relevant to this Complaint, Defendant SWEDISH COVENANT HOSPITAL, through its employees, agents, and/or apparent agents provided care of and to MIKAZNAAZ SAIYED and HOORAYN SAIYED at or near the time of the induction of labor and delivery of HOORAYN SAIYED.

33.     At all times relevant to this Complaint, Defendant SWEDISH COVENANT MANAGEMENT SERVICES, INC., through its employees, agents, and/or apparent agents provided care of and to MIKAZNAAZ SAIYED and HOORAYN SAIYED at or near the time of the induction of labor and delivery of HOORAYN SAIYED.

34.     On May 29, 2019 and/or May 30, 2019 MIKAZNAAZ SAIYED was given drugs to induce and hasten labor.

35.     On May 29, 2019 and/or May 30, 2019 MIKAZNAAZ SAIYED experienced abnormal uterine contractions.

FILED DATE: 6/12/2020 1:58 PM    2020L006326

36.     On May 29, 2019 and/or May 30, 2019 HOORAYN SAIYED demonstrated fetal intolerance to labor and or fetal distress.

37.     On May 29, 2019 and/or May 30, 2019 MIKAZNAAZ SAIYED and according to the defendant's medical record allegedly suffered from an amniotic fluid embolism.

38.     On May 29, 2019 and/or May 30, 2019 MIKAZNAAZ SAIYED was operated via an emergency cesarean section to deliver HOORAYN SAIYED.

39.     Just prior to and/or during delivery HOORAYN SAIYED suffered a brain injury.

40.     On May 30, 2019, MIKAZNAAZ SAIYED was transferred from the defendants' facilities to another facility where she eventually died on June 2, 2019.

## COUNT I – SURVIVAL ACTION
## MIKAZNAAZ SAIYED
## SWEDISH COVENANT HEALTH

1-40.     Paragraphs 1 through 40 of this Complaint at Law are hereby incorporated by reference herein as if they were fully set forth herein as paragraphs 1 through 40 of Count I.

41.   At all times pertinent to this Complaint, Defendant, SWEDISH COVENANT HEALTH, through its employees, agents, or apparent agents including but not limited to CARLY BENDZANS, R.N. and SARAH LAMBETH, M.D. were under certain duties imposed by law.

42.   At all times pertinent to this Complaint, Defendant, SWEDISH COVENANT HEALTH, through its employees, agents, or apparent agents including but not limited to CARLY BENDZANS, R.N., SARAH LAMBETH, M.D and other nurses and staff was negligent in the care and treatment of Plaintiff's decedent in one or more of the following respects:

6

FILED DATE: 6/12/2020 1:58 PM   2020L006328

a.  Failed to properly and/or timely monitor the Plaintiff;

b.  Failed to properly and/or timely physically examine the Plaintiff;

c.  Improperly prescribed and used medications used to induce and hasten labor;

d.  Failed to properly and timely discontinue medications used to induce and hasten labor;

e.  Improperly supervised the administration of medications used to induce and hasten labor;

f.  Failed to properly supervise the labor;

g.  Failed to properly and timely respond to uterine/labor abnormalities:

h.  Failed to properly and/or timely respond to fetal intolerance/distress;

i.  Failed to properly and/or timely respond to non-reassuring fetal heart tracings;

j.  Failed to appreciate and/or respond to the dangers of non-reassuring fetal heart tracings;

k.  Failed to properly and/or timely treat the Plaintiff;

l.  Failed to properly and/or timely respond to the Plaintiff's condition, findings and tests;

m. Failed to properly and/or timely communicate with other medical professionals or staff;

n.  Failed to order proper tests or studies,

o.  Failed to obtain proper and/or timely consultations;

p.  Improperly allowed a nursing midwife to direct and supervise this labor;

q.  Failed to develop, promulgate, institute, or enforce rules, guidelines or policies and procedures with respect to care and management of patients undergoing labor and delivery;

r.  Failed to develop, promulgate, institute, or enforce safe and proper rules, guidelines or policies and procedures with respect to care and management of patients with abnormal and/or prolonged labor;

s.  Failed to provide an obstetrician for the Plaintiff' decedent  to physically direct and supervise her labor;

7

FILED DATE: 6/12/2020 1:58 PM   2020L006328

t. Improperly allowed a nursing midwife to the Plaintiff to physically direct and supervise her labor;

u. Failed to supervise, direct, or oversee its employees, agents, or apparent agents during labor and delivery;

v. Entrusted the care and treatment of decedent to incompetent, inadequately trained and/or unskilled nurses and/or physicians;

w. Failed to properly investigate and determine the competence, training and/or skill of members of its nursing and physician staff;

x. Failed to provide competent and capable nursing and professional care and services to Plaintiff;

43.     That as a direct and proximate cause of one or more of the foregoing acts of negligence of Defendant, SWEDISH COVENANT HEALTH, through its employees, agents, or apparent agents including but not limited to CARLY BENDZANS, R.N. and SARAH LAMBETH, M.D. Plaintiff's decedent, MIKAZNAAZ SAIYED, suffered injury which caused her disability, loss of normal life, disfigurement, pain, mental anguish, suffering and caused her to incur medical expenses, be absent from her employment and aggravated her underlying condition, all to her damage.

WHEREFORE, Plaintiff, MIKAZNAAZ SAIYED, prays for judgment against the Defendants, SWEDISH COVENANT HEALTH in an amount in excess of $50,000 plus costs.

### COUNT II - WRONGFUL DEATH
### MIKAZNAAZ SAIYED
### SWEDISH COVENANT HEALTH

1-     42.     Paragraphs 1-42 of Count I are hereby incorporated by reference herein as if they were fully set forth herein as Paragraphs 1-42 of Count II.

43.     As a direct and proximate cause of the aforementioned acts of negligence on the part of the Defendants, SWEDISH COVENANT HEALTH, through its employees, agents, or

8

apparent agents including but not limited to CARLY BENDZANS, R.N. and SARAH LAMBETH, M.D., Plaintiff's decedent, MIKAZNAAZ SAIYED, suffered severe, painful, disabling and permanent injuries to her person, which ultimately resulted in her death on June 2, 2019.

44.     At the aforementioned time, there was, in full force and effect, the Illinois Wrongful Death Act. 740 ILCS 180/1 (WEST 2008).

45.     That Plaintiff's decedent, left surviving her the following heirs-at-law who have sustained pecuniary injury as a result of the decedent's untimely death, including but not limited to loss of money, goods, services, society, and support, and further has caused them grief, sorrow, mental anguish, and loss of consortium.

  a. Azhar Saiyed

  b. Muhammad Saiyed

  c. Hoorayn Saiyed

WHEREFORE, AZHAR SAIYED, as Independent Administrator of the Estate of MIKAZNAAZ SAIYED, deceased, prays for judgment in his favor and against Defendants, SWEDISH COVENANT HEALTH, and each of them, in an amount in excess of $50,000 plus costs.

### COUNT III – SURVIVAL ACTION
### MIKAZNAAZ SAIYED
### SWEDISH COVENANT HOSPITAL

1-40.   Paragraphs 1 through 40 of this Complaint at Law are hereby incorporated by reference herein as if they were fully set forth herein as paragraphs 1 through 40 of Count III.

41.   At all times pertinent to this Complaint, Defendant, SWEDISH COVENANT HOSPITAL, through its employees, agents, or apparent agents including but not limited to

FILED DATE: 6/12/2020 1:58 PM   2020L006328

FILED DATE: 6/12/2020 1:58 PM  2020L006328

CARLY BENDZANS, R.N. , SARAH LAMBETH, M.D. and other nurses and staff were under certain duties imposed by law.

42.    At all times pertinent to this Complaint, Defendant, SWEDISH COVENANT HOSPITAL, through its employees, agents, or apparent agents including but not limited to CARLY BENDZANS, R.N. and SARAH LAMBETH, M.D and other nurses and staff was negligent in the care and treatment of Plaintiff's decedent in one or more of the following respects:

a.  Failed to properly and/or timely monitor the Plaintiff;

b.  Failed to properly and/or timely physically examine the Plaintiff;

c.  Improperly prescribed and used medications used to induce and hasten labor;

d.  Failed to properly and timely discontinue medications used to induce and hasten labor;

e.  Improperly supervised the administration of medications used to induce and hasten labor;

f.  Failed to properly supervise the labor;

g.  Failed to properly and timely respond to uterine/labor abnormalities:

h.  Failed to properly and/or timely respond to fetal intolerance/distress;

i.  Failed to properly and/or timely respond to non-reassuring fetal heart tracings;

j.  Failed to appreciate and/or respond to the dangers of non-reassuring fetal heart tracings;

k.  Failed to properly and/or timely treat the Plaintiff;

l.  Failed to properly and/or timely respond to the Plaintiff's condition, findings and tests;

m. Failed to properly and/or timely communicate with other medical professionals or staff;

n.  Failed to order proper tests or studies,

o.  Failed to obtain proper and/or timely consultations;

FILED DATE: 6/12/2020 1:58 PM    2020L006328

p.  Improperly allowed a nursing midwife to direct and supervise this labor;

q.  Failed to develop, promulgate, institute, or enforce rules, guidelines or policies and procedures with respect to care and management of patients undergoing labor and delivery;

r.  Failed to develop, promulgate, institute, or enforce safe and proper rules, guidelines or policies and procedures with respect to care and management of patients with abnormal and/or prolonged labor;

s.  Failed to provide an obstetrician for the Plaintiff' decedent to physically direct and supervise her labor;

t.  Improperly allowed a nursing midwife to the Plaintiff to physically direct and supervise her labor;

u.  Failed to supervise, direct, or oversee its employees, agents, or apparent agents during labor and delivery;

v.  Entrusted the care and treatment of decedent to incompetent, inadequately trained and/or unskilled nurses and/physicians;

w.  Failed to properly investigate and determine the competence, training and/or skill of members of its nursing and physician staff;

x.  Failed to provide competent and capable nursing and professional care and services to Plaintiff;

43.     That as a direct and proximate cause of one or more of the foregoing acts of negligence of Defendant, SWEDISH COVENANT HOSPITAL, through its employees, agents, or apparent agents including but not limited to CARLY BENDZANS, R.N. , SARAH LAMBETH, M.D. and other nurses and staff Plaintiff's decedent, MIKAZNAAZ SAIYED, suffered injury which caused her disability, loss of normal life, disfigurement, pain, mental anguish, suffering and caused her to incur medical expenses, be absent from her employment and aggravated her underlying condition, all to her damage.

WHEREFORE, Plaintiff, MIKAZNAAZ SAIYED, prays for judgment against the Defendants, SWEDISH COVENANT HOSPITAL in an amount in excess of $50,000 plus costs.

FILED DATE: 6/12/2020 1:58 PM   2020L006328

## COUNT IV - WRONGFUL DEATH
## MIKAZNAAZ SAIYED
## SWEDISH COVENANT HOSPITAL

1-42.     Paragraphs 1-42 of Count III are hereby incorporated by reference herein as if they were fully set forth herein as Paragraphs 1-42 of Count IV.

43.     As a direct and proximate cause of the aforementioned acts of negligence on the part of the Defendants, SWEDISH COVENANT HOSPITAL, through its employees, agents, or apparent agents including but not limited to CARLY BENDZANS, R.N., SARAH LAMBETH, M.D., and other nurses and staff Plaintiff's decedent, MIKAZNAAZ SAIYED, suffered severe, painful, disabling and permanent injuries to her person, which ultimately resulted in her death on June 2, 2019.

44.     At the aforementioned time, there was, in full force and effect, the Illinois Wrongful Death Act. 740 ILCS 180/1 (WEST 2008).

45.     That Plaintiff's decedent, left surviving her the following heirs-at-law who have sustained pecuniary injury as a result of the decedent's untimely death, including but not limited to loss of money, goods, services, society, and support, and further has caused them grief, sorrow, mental anguish, and loss of consortium.

     a. Azhar Saiyed
     b. Muhammad Saiyed
     c. Hoorayn Saiyed

WHEREFORE, AZHAR SAIYED, as Independent Administrator of the Estate of MIKAZNAAZ SAIYED, deceased, prays for judgment in his favor and against Defendants,

FILED DATE: 6/12/2020 1:58 PM   2020L006328

SWEDISH COVENANT HOSPITAL, and each of them, in an amount in excess of $50,000 plus costs.

### COUNT V – SURVIVAL
### MIKAZNAAZ SAIYED
### SWEDISH COVENANT MANAGEMENT SERVICES, INC.

1-40.    Paragraphs 1 through 40 of this Complaint at Law are hereby incorporated by reference herein as if they were fully set forth herein as paragraphs 1 through 40 of Count V.

41.   At all times pertinent to this Complaint, Defendant, SWEDISH COVENANT MANAGEMENT SERVICES, INC., through its employees, agents, or apparent agents including but not limited to CARLY BENDZANS, R.N. , SARAH LAMBETH, M.D. and other nurses and staff were under certain duties imposed by law.

42.   At all times pertinent to this Complaint, Defendant, SWEDISH COVENANT MANAGEMENT SERVICES, INC., through its employees, agents, or apparent agents including but not limited to CARLY BENDZANS, R.N. and SARAH LAMBETH, M.D was negligent in the care and treatment of Plaintiff's decedent in one or more of the following respects:

    a.   Failed to properly and/or timely monitor the Plaintiff;

    b.   Failed to properly and/or timely physically examine the Plaintiff;

    c.   Improperly prescribed and used medications used to induce and hasten labor;

    d.   Failed to properly and timely discontinue medications used to induce and hasten labor;

    e.   Improperly supervised the administration of medications used to induce and hasten labor;

    f.   Failed to properly supervise the labor;

    g.   Failed to properly and timely respond to uterine/labor abnormalities:

    h.   Failed to properly and/or timely respond to fetal intolerance/distress;

FILED DATE: 6/12/2020 1:58 PM    2020L006328

i.   Failed to properly and/or timely respond to non-reassuring fetal heart tracings;

j.   Failed to appreciate and/or respond to the dangers of non-reassuring fetal heart tracings;

k.   Failed to properly and/or timely treat the Plaintiff;

l.   Failed to properly and/or timely respond to the Plaintiff's condition, findings and tests;

m.  Failed to properly and/or timely communicate with other medical professionals or staff;

n.   Failed to order proper tests or studies,

o.   Failed to obtain proper and/or timely consultations;

p.   Improperly allowed a nursing midwife to direct and supervise this labor;

q.   Failed to develop, promulgate, institute, or enforce rules, guidelines or policies and procedures with respect to care and management of patients undergoing labor and delivery;

r.   Failed to develop, promulgate, institute, or enforce safe and proper rules, guidelines or policies and procedures with respect to care and management of patients with abnormal and/or prolonged labor;

s.   Failed to provide an obstetrician for the Plaintiff' decedent  to physically direct and supervise her labor;

t.   Improperly allowed a nursing midwife to the Plaintiff to physically direct and supervise her labor;

u.   Failed to supervise, direct, or oversee its employees, agents, or apparent agents during labor and delivery;

v.   Entrusted the care and treatment of decedent to incompetent, inadequately trained and/or unskilled nurses and/physicians;

w.  Failed to properly investigate and determine the competence, training and/or skill of members of its nursing and physician staff;

x.   Failed to provide competent and capable nursing and professional care and services to Plaintiff;

FILED DATE: 6/12/2020 1:58 PM   2020L006328

43.     That as a direct and proximate cause of one or more of the foregoing acts of negligence of Defendant, SWEDISH COVENANT MANAGEMENT SERVICES, INC., through its employees, agents, or apparent agents including but not limited to CARLY BENDZANS, R.N. and SARAH LAMBETH, M.D. Plaintiff's decedent, MIKAZNAAZ SAIYED, suffered injury which caused her disability, loss of normal life, disfigurement, pain, mental anguish, suffering and caused her to incur medical expenses, be absent from her employment and aggravated her underlying condition, all to her damage.

WHEREFORE, Plaintiff, MIKAZNAAZ SAIYED, prays for judgment against the Defendants, SWEDISH COVENANT MANAGEMENT SERVICES in an amount in excess of $50,000 plus costs.

### COUNT VI - WRONGFUL DEATH
### MIKAZNAAZ SAIYED
### SWEDISH COVENANT MANAGEMENT SERVICES

1-42.     Paragraphs 1-42 of Count V are hereby incorporated by reference herein as if they were fully set forth herein as Paragraphs 1-42 of Count VI.

43.     As a direct and proximate cause of the aforementioned acts of negligence on the part of the Defendants, SWEDISH COVENANT MANAGEMENT SERVICES, INC., through its employees, agents, or apparent agents including but not limited to CARLY BENDZANS, R.N. SARAH LAMBETH, M.D., and other nurses and staff Plaintiff's decedent, MIKAZNAAZ SAIYED, suffered severe, painful, disabling and permanent injuries to her person, which ultimately resulted in her death on June 2, 2019.

44.     At the aforementioned time, there was, in full force and effect, the Illinois Wrongful Death Act. 740 ILCS 180/1 (WEST 2008).

15

FILED DATE: 6/12/2020 1:58 PM    2020L006328

45.     That Plaintiff's decedent, left surviving her the following heirs-at-law who have sustained pecuniary injury as a result of the decedent's untimely death, including but not limited to loss of money, goods, services, society, and support, and further has caused them grief, sorrow, mental anguish, and loss of consortium.

> d. Azhar Saiyed
>
> e. Muhammad Saiyed
>
> f. Hoorayn Saiyed

WHEREFORE, AZHAR SAIYED, as Independent Administrator of the Estate of MIKAZNAAZ SAIYED, deceased, prays for judgment in his favor and against Defendants, SWEDISH COVENANT MANAGEMENT SERVICES, INC., and each of them, in an amount in excess of $50,000 plus costs.

**COUNT VII – SURVIVAL**
**MIKAZNAAZ SAIYED**
**SARAH LAMBETH, M.D., SWEDISH COVENANT HEALTH, SWEDISH**
**COVENANT HOSPITAL, SWEDISH COVENENT MANAGEMENT SERVICES, INC.**

1-40.    Paragraphs 1 through 40 of this Complaint at Law are hereby incorporated by reference herein as if they were fully set forth herein as paragraphs 1 through 40 of Count VII.

41.    At all times pertinent to this Complaint, SARAH LAMBETH, M.D, individually and as an employee, agent, or apparent agent of SWEDISH COVENANT HEALTH, SWEDISH COVENANT HOSPITAL, and/or SWEDISH COVENANT MANAGEMENT SERVICES, INC. was under certain duties imposed by law.

42.    At all times pertinent to this Complaint, Defendant, SARAH LAMBETH, M.D., individually and as an employee, agent, or apparent agent, was negligent in the care and treatment of Plaintiff's decedent in one or more of the following respects:

FILED DATE: 6/12/2020 1:58 PM   2020L006328

a.   Failed to properly and/or timely monitor the Plaintiff;

b.   Failed to properly and/or timely physically examine the Plaintiff;

c.   Improperly prescribed and used medications used to induce and hasten labor;

d.   Failed to properly and timely discontinue medications used to induce and hasten labor;

e.   Improperly supervised the administration of medications used to induce and hasten labor;

f.   Failed to properly supervise the labor;

g.   Failed to properly and timely respond to uterine/labor abnormalities:

h.   Failed to properly and/or timely respond to fetal intolerance/distress;

i.   Failed to properly and/or timely respond to non-reassuring fetal heart tracings;

j.   Failed to appreciate and/or respond to the dangers of non-reassuring fetal heart tracings;

k.   Failed to properly and/or timely treat the Plaintiff;

l.   Failed to properly and/or timely respond to the Plaintiff's condition, findings and tests;

m.   Failed to properly and/or timely communicate with other medical professionals or staff;

n.   Failed to order proper tests or studies,

o.   Failed to obtain proper and/or timely consultations;

p.   Improperly allowed a nursing midwife to direct and supervise this labor;

q.   Failed to develop, promulgate, institute, or enforce rules, guidelines or policies and procedures with respect to care and management of patients undergoing labor and delivery;

r.   Failed to develop, promulgate, institute, or enforce safe and proper rules, guidelines or policies and procedures with respect to care and management of patients with abnormal and/or prolonged labor;

s.   Failed to provide an obstetrician for the Plaintiff' decedent  to physically direct and supervise her labor;

17

FILED DATE: 6/12/2020 1:58 PM    2020L006328

t.   Improperly allowed a nursing midwife to the Plaintiff to physically direct and supervise her labor;

u.   Failed to supervise, direct, or oversee its employees, agents, or apparent agents during labor and delivery;

v.   Entrusted the care and treatment of decedent to incompetent, inadequately trained and/or unskilled nurses and/or physicians;

w.   Failed to properly investigate and determine the competence, training and/or skill of members of its nursing and physician staff;

x.   Failed to provide competent and capable nursing and professional care and services to Plaintiff;

43.     That as a direct and proximate cause of one or more of the foregoing acts of negligence of Defendant, SARAH LAMBETH, M.D, individually and as an employee, agent, or apparent agent of SWEDISH COVENANT HEALTH, SWEDISH COVENANT HOSPITAL, and/or SWEDISH COVENANT MANAGEMENT SERVICES, INC., Plaintiff's decedent, MIKAZNAAZ SAIYED, suffered injury which caused her disability, loss of normal life, disfigurement, pain, mental anguish, suffering and caused her to incur medical expenses, be absent from her employment and aggravated her underlying condition, all to her damage.

WHEREFORE, Plaintiff, MIKAZNAAZ SAIYED, prays for judgment against the SARAH LAMBETH, M.D, individually and as an employee, agent, or apparent agent of SWEDISH COVENANT HEALTH, SWEDISH COVENANT HOSPITAL, and/or SWEDISH COVENANT MANAGEMENT SERVICES, INC. and each of them in an amount in excess of $50,000 plus costs.

FILED DATE: 6/12/2020 1:58 PM    2020L006328

## COUNT VIII - WRONGFUL DEATH
## MIKAZNAAZ SAIYED
## SARAH LAMBETH, M.D., SWEDISH COVENANT HEALTH, SWEDISH COVENANT HOSPITAL, SWEDISH COVENENT MANAGEMENT SERVICES, INC.

1-42.     Paragraphs 1-42 of Count VII are hereby incorporated by reference herein as if they were fully set forth herein as Paragraphs 1-42 of Count VIII.

43.     As a direct and proximate cause of the aforementioned acts of negligence on the part of the Defendants, SARAH LAMBETH, M.D, individually and as an employee, agent, or apparent agent of SWEDISH COVENANT HEALTH, SWEDISH COVENANT HOSPITAL, and/or SWEDISH COVENANT MANAGEMENT SERVICES, INC., Plaintiff's decedent, MIKAZNAAZ SAIYED, suffered severe, painful, disabling and permanent injuries to her person, which ultimately resulted in her death on June 2, 2019.

44.     At the aforementioned time, there was, in full force and effect, the Illinois Wrongful Death Act. 740 ILCS 180/1 (WEST 2008).

45.     That Plaintiff's decedent, left surviving her the following heirs-at-law who have sustained pecuniary injury as a result of the decedent's untimely death, including but not limited to loss of money, goods, services, society, and support, and further has caused them grief, sorrow, mental anguish, and loss of consortium.

> g. Azhar Saiyed
> h. Muhammad Saiyed
> i. Hoorayn Saiyed

WHEREFORE, AZHAR SAIYED, as Independent Administrator of the Estate of MIKAZNAAZ SAIYED, deceased, prays for judgment in his favor and against SARAH LAMBETH, M.D, individually and as an employee, agent, or apparent agent of SWEDISH

FILED DATE: 6/12/2020 1:58 PM   2020L006328

COVENANT HEALTH, SWEDISH COVENANT HOSPITAL, and/or SWEDISH COVENANT MANAGEMENT SERVICES, INC. and each of them, in an amount in excess of $50,000 plus costs.

**COUNT IX – SURVIVAL**
**MIKAZNAAZ SAIYED**
**CARLY BENDZANS, R.N., SWEDISH COVENANT HEALTH, SWEDISH COVENANT HOSPITAL, SWEDISH COVENENT MANAGEMENT SERVICES, INC.**

1-40.   Paragraphs 1 through 40 of this Complaint at Law are hereby incorporated by reference herein.

41.   At all times pertinent to this Complaint, CARLY BENDZANS, R.N. individually and as an employee, agent, or apparent agent of SWEDISH COVENANT HEALTH, SWEDISH COVENANT HOSPITAL, and/or SWEDISH COVENANT MANAGEMENT SERVICES, INC. was under certain duties imposed by law.

42.   At all times pertinent to this Complaint, Defendant, CARLY BENDZANS, R.N. individually and as an employee, agent, or apparent agent, was negligent in the care and treatment of Plaintiff's decedent in one or more of the following respects:

    a.   Failed to properly and/or timely monitor the Plaintiff;

    b.   Failed to properly and/or timely physically examine the Plaintiff;

    c.   Improperly prescribed and used medications used to induce and hasten labor;

    d.   Failed to properly and timely discontinue medications used to induce and hasten labor;

    e.   Improperly supervised the administration of medications used to induce and hasten labor;

    f.   Failed to properly supervise the labor;

FILED DATE: 6/12/2020 1:58 PM    2020L006328

g.  Failed to properly and timely respond to uterine/labor abnormalities:

h.  Failed to properly and/or timely respond to fetal intolerance/distress;

i.  Failed to properly and/or timely respond to non-reassuring fetal heart tracings;

j.  Failed to appreciate and/or respond to the dangers of non-reassuring fetal heart tracings;

k.  Failed to properly and/or timely treat the Plaintiff;

l.  Failed to properly and/or timely respond to the Plaintiff's condition, findings and tests;

m.  Failed to properly and/or timely communicate with other medical professionals or staff;

n.  Failed to order proper tests or studies,

o.  Failed to obtain proper and/or timely consultations;

p.  Improperly allowed a nursing midwife to direct and supervise this labor;

q.  Failed to develop, promulgate, institute, or enforce rules, guidelines or policies and procedures with respect to care and management of patients undergoing labor and delivery;

r.  Failed to develop, promulgate, institute, or enforce safe and proper rules, guidelines or policies and procedures with respect to care and management of patients with abnormal and/or prolonged labor;

s.  Failed to provide an obstetrician for the Plaintiff' decedent to physically direct and supervise her labor;

t.  Improperly allowed a nursing midwife to the Plaintiff to physically direct and supervise her labor;

u.  Failed to supervise, direct, or oversee its employees, agents, or apparent agents during labor and delivery;

v.  Entrusted the care and treatment of decedent to incompetent, inadequately trained and/or unskilled nurses and/physicians;

w.  Failed to properly investigate and determine the competence, training and/or skill of members of its nursing and physician staff;

x.  Failed to provide competent and capable nursing and professional care and services to Plaintiff;

21

FILED DATE: 6/12/2020 1:58 PM 2020L006328

43.     That as a direct and proximate cause of one or more of the foregoing acts of negligence of Defendant, CARLY BENDZANS, R.N., individually and as an employee, agent, or apparent agent of SWEDISH COVENANT HEALTH, SWEDISH COVENANT HOSPITAL, and/or SWEDISH COVENANT MANAGEMENT SERVICES, INC., as well as other nurses and staff Plaintiff's decedent, MIKAZNAAZ SAIYED, suffered injury which caused her disability, loss of normal life, disfigurement, pain, mental anguish, suffering and caused her to incur medical expenses, be absent from her employment and aggravated her underlying condition, all to her damage.

WHEREFORE, Plaintiff, MIKAZNAAZ SAIYED, prays for judgment against the CARLY BENDZANS, R.N., individually and as an employee, agent, or apparent agent of SWEDISH COVENANT HEALTH, SWEDISH COVENANT HOSPITAL, and/or SWEDISH COVENANT MANAGEMENT SERVICES, INC. and each of them in an amount in excess of $50,000 plus costs.

### COUNT X - WRONGFUL DEATH
### MIKAZNAAZ SAIYED
### CARLY BENDZANS, R.N., SWEDISH COVENANT HEALTH, SWEDISH COVENANT HOSPITAL, SWEDISH COVENENT MANAGEMENT SERVICES, INC.

1-42.     Paragraphs 1-42 of Count IX are hereby incorporated by reference herein as if they were fully set forth herein as Paragraphs 1-42 of Count X.

43.     As a direct and proximate cause of the aforementioned acts of negligence on the part of the Defendants, SARAH LAMBETH, M.D, individually and as an employee, agent, or apparent agent of SWEDISH COVENANT HEALTH, SWEDISH COVENANT HOSPITAL, and/or SWEDISH COVENANT MANAGEMENT SERVICES, INC., Plaintiff's decedent,

22

FILED DATE: 6/12/2020 1:58 PM   2020L006328

MIKAZNAAZ SAIYED, suffered severe, painful, disabling and permanent injuries to her person, which ultimately resulted in her death on June 2, 2019.

44.     At the aforementioned time, there was, in full force and effect, the Illinois Wrongful Death Act. 740 ILCS 180/1 (WEST 2008).

45.     That Plaintiff's decedent, left surviving her the following heirs-at-law who have sustained pecuniary injury as a result of the decedent's untimely death, including but not limited to loss of money, goods, services, society, and support, and further has caused them grief, sorrow, mental anguish, and loss of consortium.

> j. Azhar Saiyed
> k. Muhammad Saiyed
> l. Hoorayn Saiyed

WHEREFORE, AZHAR SAIYED, as Independent Administrator of the Estate of MIKAZNAAZ SAIYED, deceased, prays for judgment in his favor and against SARAH LAMBETH, M.D, individually and as an employee, agent, or apparent agent of SWEDISH COVENANT HEALTH, SWEDISH COVENANT HOSPITAL, and/or SWEDISH COVENANT MANAGEMENT SERVICES, INC. and each of them, in an amount in excess of $50,000 plus costs.

### COUNT XI - NEGLIGENCE
### HOORAYN SAIYED
### SWEDISH COVENANT HEALTH

1-40.   Paragraphs 1 through 40 of this Complaint at Law are hereby incorporated by reference herein as if they were fully set forth herein as paragraphs 1 through 40 of Count XI.

41.   At all times pertinent to this Complaint, Defendant, SWEDISH COVENANT HEALTH, through its employees, agents, or apparent agents including but not limited to

FILED DATE: 6/12/2020 1:58 PM    2020L006328

CARLY BENDZANS, R.N. and SARAH LAMBETH, M.D. as well as other nurses and staff were under certain duties imposed by law.

42. At all times pertinent to this Complaint, Defendant, SWEDISH COVENANT HEALTH, through its employees, agents, or apparent agents including but not limited to CARLY BENDZANS, R.N., SARAH LAMBETH, M.D, and other nurses and staff were negligent in the care and treatment of HOORAYN SAIYED in one or more of the following respects:

a. Failed to properly and/or timely monitor the Plaintiff;

b. Failed to properly and/or timely physically examine the Plaintiff;

c. Improperly prescribed and used medications used to induce and hasten labor;

d. Failed to properly and timely discontinue medications used to induce and hasten labor;

e. Improperly supervised the administration of medications used to induce and hasten labor;

f. Failed to properly supervise the labor;

g. Failed to properly and timely respond to uterine/labor abnormalities:

h. Failed to properly and/or timely respond to fetal intolerance/distress;

i. Failed to properly and/or timely respond to non-reassuring fetal heart tracings;

j. Failed to appreciate and/or respond to the dangers of non-reassuring fetal heart tracings;

k. Failed to properly and/or timely treat the Plaintiff;

l. Failed to properly and/or timely respond to the Plaintiff's condition, findings and tests;

m. Failed to properly and/or timely communicate with other medical professionals or staff;

n. Failed to order proper tests or studies,

o. Failed to obtain proper and/or timely consultations;

p. Improperly allowed a nursing midwife to direct and supervise this labor;

24

FILED DATE: 6/12/2020 1:58 PM   2020L006328

q. Failed to develop, promulgate, institute, or enforce rules, guidelines or policies and procedures with respect to care and management of patients undergoing labor and delivery;

r. Failed to develop, promulgate, institute, or enforce safe and proper rules, guidelines or policies and procedures with respect to care and management of patients with abnormal and/or prolonged labor;

s. Failed to provide an obstetrician for the Plaintiff' decedent to physically direct and supervise her labor;

t. Improperly allowed a nursing midwife to the Plaintiff to physically direct and supervise her labor;

u. Failed to supervise, direct, or oversee its employees, agents, or apparent agents during labor and delivery;

v. Entrusted the care and treatment of decedent to incompetent, inadequately trained and/or unskilled nurses and/or physicians;

w. Failed to properly investigate and determine the competence, training and/or skill of members of its nursing and physician staff;

x. Failed to provide competent and capable nursing and professional care and services to Plaintiff;

43.    That as a direct and proximate cause of one or more of the foregoing acts of negligence of Defendant, SWEDISH COVENANT HEALTH, through its employees, agents, or apparent agents including but not limited to CARLY BENDZANS, R.N. and SARAH LAMBETH, M.D. and other nurses and staff HOORAYN SAIYED, suffered severe and permanent injuries which have caused great pain and suffering, disability, disfigurement, mental anguish, and loss of a normal life and will interfere with her ability in the future to obtain gainful employment and has forced her, and will continue to force her, to incur medical expenses.

WHEREFORE, Plaintiff, AZHAR SAIYED, as Next Friend and Father of HOORAYN SAIYED, prays for judgment against the Defendants, SWEDISH COVENANT HEALTH in an amount in excess of $50,000 plus costs.

FILED DATE: 6/12/2020 1:58 PM   2020L006328

### COUNT XII - NEGLIGENCE
### HOORAYN SAIYED
### <u>SWEDISH COVENANT HOSPITAL</u>

1-40. Paragraphs 1 through 40 of this Complaint at Law are hereby incorporated by reference herein as if they were fully set forth herein as paragraphs 1 through 40 of Count XII.

41. At all times pertinent to this Complaint, Defendant, SWEDISH COVENANT HOSPITAL, through its employees, agents, or apparent agents including but not limited to CARLY BENDZANS, R.N. , SARAH LAMBETH, M.D. and other nurses and staff were under certain duties imposed by law.

42. At all times pertinent to this Complaint, Defendant, SWEDISH COVENANT HOSPITAL, through its employees, agents, or apparent agents including but not limited to CARLY BENDZANS, R.N. , SARAH LAMBETH, M.D and other nurses and staff were negligent in the care and treatment of HOORAYN SAIYED in one or more of the following respects:

    a.   Failed to properly and/or timely monitor the Plaintiff;

    b.   Failed to properly and/or timely physically examine the Plaintiff;

    c.   Improperly prescribed and used medications used to induce and hasten labor;

    d.   Failed to properly and timely discontinue medications used to induce and hasten labor;

    e.   Improperly supervised the administration of medications used to induce and hasten labor;

    f.   Failed to properly supervise the labor;

    g.   Failed to properly and timely respond to uterine/labor abnormalities:

    h.   Failed to properly and/or timely respond to fetal intolerance/distress;

    i.   Failed to properly and/or timely respond to non-reassuring fetal heart tracings;

26

FILED DATE: 6/12/2020 1:58 PM   2020L005328

j.   Failed to appreciate and/or respond to the dangers of non-reassuring fetal heart tracings;

k.   Failed to properly and/or timely treat the Plaintiff;

l.   Failed to properly and/or timely respond to the Plaintiff's condition, findings and tests;

m.   Failed to properly and/or timely communicate with other medical professionals or staff;

n.   Failed to order proper tests or studies,

o.   Failed to obtain proper and/or timely consultations;

p.   Improperly allowed a nursing midwife to direct and supervise this labor;

q.   Failed to develop, promulgate, institute, or enforce rules, guidelines or policies and procedures with respect to care and management of patients undergoing labor and delivery;

r.   Failed to develop, promulgate, institute, or enforce safe and proper rules, guidelines or policies and procedures with respect to care and management of patients with abnormal and/or prolonged labor;

s.   Failed to provide an obstetrician for the Plaintiff' decedent to physically direct and supervise her labor;

t.   Improperly allowed a nursing midwife to the Plaintiff to physically direct and supervise her labor;

u.   Failed to supervise, direct, or oversee its employees, agents, or apparent agents during labor and delivery;

v.   Entrusted the care and treatment of decedent to incompetent, inadequately trained and/or unskilled nurses and/physicians;

w.   Failed to properly investigate and determine the competence, training and/or skill of members of its nursing and physician staff;

x.   Failed to provide competent and capable nursing and professional care and services to Plaintiff;

43.     That as a direct and proximate cause of one or more of the foregoing acts of negligence of Defendant, SWEDISH COVENANT HOSPITAL, through its employees, agents, or

27

FILED DATE: 6/12/2020 1:58 PM   2020L006328

apparent agents including but not limited to CARLY BENDZANS, R.N.,  SARAH LAMBETH, M.D. and other nurses and staff HOORAYN SAIYED, suffered severe and permanent injuries which have caused great pain and suffering, disability, disfigurement, mental anguish, and loss of a normal life and will interfere with her ability in the future to obtain gainful employment and has forced her, and will continue to force her, to incur medical expenses.

WHEREFORE, Plaintiff, AZHAR SAIYED, as Next Friend and Father of HOORAYN SAIYED, prays for judgment against the Defendants, SWEDISH COVENANT HOSPITAL in an amount in excess of $50,000 plus costs.

### COUNT XIII - NEGLIGENCE
### HOORAYN SAIYED
### SWEDISH COVENANT MANAGEMENT SERVICES, INC.

1-40.   Paragraphs 1 through 40 of this Complaint at Law are hereby incorporated by reference herein as if they were fully set forth herein as paragraphs 1 through 40 of Count XIII.

41.   At all times pertinent to this Complaint, Defendant, SWEDISH COVENANT MANAGEMENT SERVICES, INC., through its employees, agents, or apparent agents including but not limited to CARLY BENDZANS, R.N. , SARAH LAMBETH, M.D. and other nurses and staff were under certain duties imposed by law.

42.   At all times pertinent to this Complaint, Defendant, SWEDISH COVENANT MANAGEMENT SERVICES, INC., through its employees, agents, or apparent agents including but not limited to CARLY BENDZANS, R.N., SARAH LAMBETH, M.D and other nurses and staff was negligent in the care and treatment of HOORAYN SAIYED in one or more of the following respects:

a.   Failed to properly and/or timely monitor the Plaintiff;

28

FILED DATE: 6/12/2020 1:58 PM   2020L006328

b.  Failed to properly and/or timely physically examine the Plaintiff;

c.  Improperly prescribed and used medications used to induce and hasten labor;

d.  Failed to properly and timely discontinue medications used to induce and hasten labor;

e.  Improperly supervised the administration of medications used to induce and hasten labor;

f.  Failed to properly supervise the labor;

g.  Failed to properly and timely respond to uterine/labor abnormalities:

h.  Failed to properly and/or timely respond to fetal intolerance/distress;

i.  Failed to properly and/or timely respond to non-reassuring fetal heart tracings;

j.  Failed to appreciate and/or respond to the dangers of non-reassuring fetal heart tracings;

k.  Failed to properly and/or timely treat the Plaintiff;

l.  Failed to properly and/or timely respond to the Plaintiff's condition, findings and tests;

m.  Failed to properly and/or timely communicate with other medical professionals or staff;

n.  Failed to order proper tests or studies,

o.  Failed to obtain proper and/or timely consultations;

p.  Improperly allowed a nursing midwife to direct and supervise this labor;

q.  Failed to develop, promulgate, institute, or enforce rules, guidelines or policies and procedures with respect to care and management of patients undergoing labor and delivery;

r.  Failed to develop, promulgate, institute, or enforce safe and proper rules, guidelines or policies and procedures with respect to care and management of patients with abnormal and/or prolonged labor;

s.  Failed to provide an obstetrician for the Plaintiff' decedent  to physically direct and supervise her labor;

t.  Improperly allowed a nursing midwife to the Plaintiff to physically direct and supervise her labor;

29

FILED DATE: 6/12/2020 1:58 PM    2020L006328

u.  Failed to supervise, direct, or oversee its employees, agents, or apparent agents during labor and delivery;

v.  Entrusted the care and treatment of decedent to incompetent, inadequately trained and/or unskilled nurses and/physicians;

w.  Failed to properly investigate and determine the competence, training and/or skill of members of its nursing and physician staff;

x.  Failed to provide competent and capable nursing and professional care and services to Plaintiff;

43.     That as a direct and proximate cause of one or more of the foregoing acts of negligence of Defendant, SWEDISH COVENANT MANAGEMENT SERVICES, INC., through its employees, agents, or apparent agents including but not limited to CARLY BENDZANS, R.N. SARAH LAMBETH, M.D. and other nurses and staff, HOORAYN SAIYED, suffered severe and permanent injuries which have caused great pain and suffering, disability, disfigurement, mental anguish, and loss of a normal life and will interfere with her ability in the future to obtain gainful employment and has forced her, and will continue to force her, to incur medical expenses.

WHEREFORE, Plaintiff, AZHAR SAIYED, as Next Friend and Father of HOORAYN SAIYED, prays for judgment against the Defendants, SWEDISH COVENANT MANAGEMENT SERVICES, INC. in an amount in excess of $50,000 plus costs.

## COUNT XIV - NEGLIGENCE
## HOORAYN SAIYED
## SARAH LAMBETH, M.D., SWEDISH COVENANT HEALTH, SWEDISH COVENANT HOSPITAL, SWEDISH COVENANT MANAGEMENT SERVICES, INC.

1-40.  Paragraphs 1 through 40 of this Complaint at Law are hereby incorporated by reference herein as if they were fully set forth herein as paragraphs 1 through 40 of Count XIV.

41.  At all times pertinent to this Complaint, Defendant, SARAH LAMBETH, M.D., individually, and as an employee, agent, or apparent agent of SWEDISH COVENANT

30

FILED DATE: 6/12/2020 1:58 PM   2020L006328

HEALTH, SWEDISH COVENANT HOSPITAL, and/or SWEDISH COVENANT MANAGEMENT SERVICES, INC., was under certain duties imposed by law.

42. At all times pertinent to this Complaint, Defendant, SARAH LAMBETH, M.D., individually, and as an employee, agent, or apparent agent of SWEDISH COVENANT HEALTH, SWEDISH COVENANT HOSPITAL, and/or SWEDISH COVENANT MANAGEMENT SERVICES, INC., was negligent in the care and treatment of HOORAYN SAIYED in one or more of the following respects:

    a. Failed to properly and/or timely monitor the Plaintiff;

    b. Failed to properly and/or timely physically examine the Plaintiff;

    c. Improperly prescribed and used medications used to induce and hasten labor;

    d. Failed to properly and timely discontinue medications used to induce and hasten labor;

    e. Improperly supervised the administration of medications used to induce and hasten labor;

    f. Failed to properly supervise the labor;

    g. Failed to properly and timely respond to uterine/labor abnormalities:

    h. Failed to properly and/or timely respond to fetal intolerance/distress;

    i. Failed to properly and/or timely respond to non-reassuring fetal heart tracings;

    j. Failed to appreciate and/or respond to the dangers of non-reassuring fetal heart tracings;

    k. Failed to properly and/or timely treat the Plaintiff;

    l. Failed to properly and/or timely respond to the Plaintiff's condition, findings and tests;

    m. Failed to properly and/or timely communicate with other medical professionals or staff;

    n. Failed to order proper tests or studies,

    o. Failed to obtain proper and/or timely consultations;

FILED DATE: 6/12/2020 1:58 PM    2020L006328

p.  Improperly allowed a nursing midwife to direct and supervise this labor;

q.  Failed to develop, promulgate, institute, or enforce rules, guidelines or policies and procedures with respect to care and management of patients undergoing labor and delivery;

r.  Failed to develop, promulgate, institute, or enforce safe and proper rules, guidelines or policies and procedures with respect to care and management of patients with abnormal and/or prolonged labor;

s.  Failed to provide an obstetrician for the Plaintiff' decedent  to physically direct and supervise her labor;

t.  Improperly allowed a nursing midwife to the Plaintiff to physically direct and supervise her labor;

u.  Failed to supervise, direct, or oversee its employees, agents, or apparent agents during labor and delivery;

v.  Entrusted the care and treatment of decedent to incompetent, inadequately trained and/or unskilled nurses and/physicians;

w.  Failed to properly investigate and determine the competence, training and/or skill of members of its nursing and physician staff;

x.  Failed to provide competent and capable nursing and professional care and services to Plaintiff;

43.     That as a direct and proximate cause of one or more of the foregoing acts of negligence of Defendant, SARAH LAMBETH, M.D., individually, and as an employee, agent, or apparent agent of SWEDISH COVENANT HEALTH, SWEDISH COVENANT HOSPITAL, and/or SWEDISH COVENANT MANAGEMENT SERVICES, INC., HOORAYN SAIYED, suffered severe and permanent injuries which have caused great pain and suffering, disability, disfigurement, mental anguish, and loss of a normal life and will interfere with her ability in the future to obtain gainful employment and has forced her, and will continue to force her, to incur medical expenses.

32

FILED DATE: 6/12/2020 1:58 PM    2020L006328

WHEREFORE, Plaintiff, AZHAR SAIYED, as Next Friend and Father of HOORAYN

SAIYED, prays for judgment against the Defendants, SARAH LAMBETH, M.D., individually,

and as an employee, agent, or apparent agent of SWEDISH COVENANT HEALTH, SWEDISH

COVENANT HOSPITAL, and/or SWEDISH COVENANT MANAGEMENT SERVICES,

INC., and each of them in an amount in excess of $50,000 plus costs.

## COUNT XV – NEGLIGENCE
### HOORAYN SAIYED
### CARLY BENDZANS, R.N., SWEDISH COVENANT HEALTH, SWEDISH
### COVENANT HOSPITAL, SWEDISH COVENENT MANAGEMENT SERVICES, INC.

1-40.    Paragraphs 1 through 40 of this Complaint at Law are hereby incorporated by

reference herein as if they were fully set forth herein as paragraphs 1 through 40 of Count XV.

41.    At all times pertinent to this Complaint, Defendant, CARLY BENDZANS, R.N.,

individually, and as an employee, agent, or apparent agent of SWEDISH COVENANT

HEALTH, SWEDISH COVENANT HOSPITAL, and/or SWEDISH COVENANT

MANAGEMENT SERVICES, INC., was under certain duties imposed by law.

42.    At all times pertinent to this Complaint, Defendant, CARLY BENDZANS, R.N.,

individually, and as an employee, agent, or apparent agent of SWEDISH COVENANT HEALTH,

SWEDISH COVENANT HOSPITAL, and/or SWEDISH COVENANT MANAGEMENT

SERVICES, INC., and other nurses and staff were negligent in the care and treatment of

HOORAYN SAIYED in one or more of the following respects:

a.    Failed to properly and/or timely monitor the Plaintiff;

b.    Failed to properly and/or timely physically examine the Plaintiff;

c.    Improperly prescribed and used medications used to induce and hasten labor;

33

FILED DATE: 6/12/2020 1:58 PM   2020L006328

d.  Failed to properly and timely discontinue medications used to induce and hasten labor;

e.  Improperly supervised the administration of medications used to induce and hasten labor;

f.  Failed to properly supervise the labor;

g.  Failed to properly and timely respond to uterine/labor abnormalities:

h.  Failed to properly and/or timely respond to fetal intolerance/distress;

i.  Failed to properly and/or timely respond to non-reassuring fetal heart tracings;

j.  Failed to appreciate and/or respond to the dangers of non-reassuring fetal heart tracings;

k.  Failed to properly and/or timely treat the Plaintiff;

l.  Failed to properly and/or timely respond to the Plaintiff's condition, findings and tests;

m.  Failed to properly and/or timely communicate with other medical professionals or staff;

n.  Failed to order proper tests or studies,

o.  Failed to obtain proper and/or timely consultations;

p.  Improperly allowed a nursing midwife to direct and supervise this labor;

q.  Failed to develop, promulgate, institute, or enforce rules, guidelines or policies and procedures with respect to care and management of patients undergoing labor and delivery;

r.  Failed to develop, promulgate, institute, or enforce safe and proper rules, guidelines or policies and procedures with respect to care and management of patients with abnormal and/or prolonged labor;

s.  Failed to provide an obstetrician for the Plaintiff' decedent  to physically direct and supervise her labor;

t.  Improperly allowed a nursing midwife to the Plaintiff to physically direct and supervise her labor;

u.  Failed to supervise, direct, or oversee its employees, agents, or apparent agents during labor and delivery;

34

FILED DATE: 6/12/2020 1:58 PM    2020L006328

v. Entrusted the care and treatment of decedent to incompetent, inadequately trained and/or unskilled nurses and/physicians;

w. Failed to properly investigate and determine the competence, training and/or skill of members of its nursing and physician staff;

x. Failed to provide competent and capable nursing and professional care and services to Plaintiff;

43. That as a direct and proximate cause of one or more of the foregoing acts of negligence of Defendant, CARLY BENDZANS, R.N., individually, and as an employee, agent, or apparent agent of SWEDISH COVENANT HEALTH, SWEDISH COVENANT HOSPITAL, and/or SWEDISH COVENANT MANAGEMENT SERVICES, INC.,as well as other nurses and staff HOORAYN SAIYED, suffered severe and permanent injuries which have caused great pain and suffering, disability, disfigurement, mental anguish, and loss of a normal life and will interfere with her ability in the future to obtain gainful employment and has forced her, and will continue to force her, to incur medical expenses.

WHEREFORE, Plaintiff, AZHAR SAIYED, as Next Friend and Father of HOORAYN SAIYED, prays for judgment against the Defendants, CARLY BENDZANS, R.N., individually, and as an employee, agent, or apparent agent of SWEDISH COVENANT HEALTH, SWEDISH COVENANT HOSPITAL, and/or SWEDISH COVENANT MANAGEMENT SERVICES, INC., and each of them in an amount in excess of $50,000 plus costs.

FILED DATE: 6/12/2020 1:58 PM 2020L006328

## COUNT XVI
## (FAMILY EXPENSE ACT)
## SARAH LAMBETH, M.D., CARLY BENDZANS, R.N., SWEDISH COVENANT HEALTH, SWEDISH COVENANT HOSPITAL, SWEDISH COVENENT MANAGEMENT SERVICES, INC.

The Plaintiff, AZHAR SAIYED, by his attorneys, PHILLIPS LAW OFFICES, for his complaint at law against the Defendants, SWEDISH COVENANT HOSPITAL, SWEDISH COVENANT HEALTH, SWEDISH COVENANT MANAGEMENT SERVICES, INC., CARLY BENDZANS, R.N. and SARAH LAMBETH, M.D., state as follows:

1.     Plaintiff incorporates each and every Count of this Complaint herein as if fully set forth herein.

2.     As a direct and proximate result of one of the foregoing negligent acts and/or omissions by the defendants, the Plaintiff, AZHAR SAIYED has and will in the future incur costs and expenses pursuant to the Family Expense Act, 750 ILCS 65-15, in the care of his daughter, HOORAYN SAIYED and for the care MIKAZNAAZ SAIYED prior to her death.

**WHEREFORE**, the plaintiff, AZHAR SAIYED, asks this Court to enter judgment in their favor and against the Defendants, SWEDISH COVENANT HOSPITAL, SWEDISH COVENANT HEALTH, SWEDISH COVENANT MANAGEMENT SERVICES, INC., CARLY BENDZANS, R.N. and SARAH LAMBETH, M.D., and each of them in an amount commensurate with their past and future medical and other expenses incurred for his daughter and wife, plus costs.

36

FILED DATE: 6/12/2020 1 58 PM    2020L006328

Respectfully submitted,

_Stephen Phillips_
Attorney for Plaintiff

Stephen D. Phillips
Stephen J. Phillips
PHILLIPS LAW OFFICES
161 North Clark Street, Suite 4925
Chicago, Illinois 60601
(312) 346-4262
sphillips@phillipslegal.com
sjphillips@phillipslegal.com
40082

37

FILED DATE: 6/12/2020 1:58 PM   2020L006328

Date of Death: 6/2/19

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS COUNTY DEPARTMENT – PROBATE DIVISION

Case No. _____ 2020 P 002083 _____   Calendar _____ 11 _____

Estate of _____ Mikaznaaz Saiyed _____
                                                    Deceased

## ORDER APPOINTING REPRESENTATIVE OF DECEDENT'S ESTATE - INTESTATE

On the **PETITION** of _____ Azhar Saiyed _____
                                    [printed name of the Petitioner]

for issuance of Letters of Administration, the Court having been advised that the proposed representative is qualified to act as administrator under §9-1 of the Probate Act of 1975 [755 ILCS 5/9-1];

**IT IS ORDERED THAT:**

A. Letters of Administration issue to _____ Azhar Saiyed _____ as
                                                [printed name of the proposed representative]

| | | | | | |
|---|---|---|---|---|---|
| ☐ Supervised Administrator | 4232 | ■ Independent Administrator | 4230 | | |
| ☐ Supervised Administrator to Collect | 4249 | ☐ Independent Administrator to Collect | 4248 | | |
| ☐ Supervised Administrator de bonis non | 4237 | ☐ Independent Administrator de bonis non | 4236 | | |
| ☐ Supervised Co-Administrators | 4227 | ☐ Independent Co-Administrators | 4231 | | |

B. The representative present to the Court:

☐ 1. an **INVENTORY** as required by §14-1 of the Probate Act of 1975 [755 ILCS 5/14-1] by, or shall appear

before the Court on, _____, at _____M;   ☐ 4192
                            [not more than 60 days after the date of this Order]

☐ 2. an **ACCOUNT** as required by §24-1 of the Probate Act of 1975 [755 ILCS 5/24-1] by, or shall appear

before the Court on, _____, at _____M.;   ☐ 4297
                            [not more than 14 months after the date of this Order]

☐ 3. a **FINAL REPORT** as required by §28-11 of the Probate Act of 1975 [755 ILCS 5/28-11] by, or shall appear

before the Court to present a written status report, on, 6-25-21 at 10 AM   ☐ 4297
                                                    [not more than 14 months after the date of this Order]

C. If the representative is a nonresident, no assets shall leave the State of Illinois without court order, and the representative's attorney shall act as the representative's resident agent and accept service of process, notice or demand required or permitted by law.   ☐ 4262

Attorney Number _40082_

Name _Stephen J. Phillips, Esq._

Firm Name _Phillips Law Offices_

Attorneys for _Azhar Saiyed_

Address _161 N. Clark Street, Suite 4925_

City/State/Zip _Chicago, Illinois 60601_

Telephone _(312) 346-4262_

Email _sjphillips@phillipslegal.com_

ENTERED:

ENTERED

APR 07 2020

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

[Judge]                    [Judge's number]

CCP 0314 (Rev. 10/1/2018)   Dorothy Brown, Clerk of the Circuit Court of Cook County   Page 1 of 1

FILED DATE: 6/12/2020 1:58 PM   2020L006328

# AFFIDAVIT OF DAMAGES

## SUPREME COURT RULE 222

The undersigned being first duly sworn upon oath, deposes and states that she is the attorney for the plaintiff in the above entitled cause of action seeking money damages or collection of taxes and states that this cause of action

☐ does not exceed $50,000.00

☑ does exceed $50,000.00

PHILLIPS LAW OFFICES

By: _Stephen J. Phillips_
Attorney for Plaintiff

Subscribed and Sworn to before me

this 11th day of June , 2020

_Kelly A. Willoughby_
Notary Public

OFFICIAL SEAL
KELLY A. WILLOUGHBY
Notary Public - State of Illinois
My Commission Expires 3/06/2022

FILED DATE: 6/12/2020 1:58 PM    2020L006328

## AFFIDAVIT

NOW COMES your Affiant, **Stephen Phillips**, pursuant to 735 ILCS 5/2-622, being first duly sworn on oath, deposes and states that if called to testify before this Court, he would be competent to do so and would testify as follows, all from his personal knowledge:

1. That he is associated with PHILLIPS LAW OFFICES, attorneys for Plaintiff herein, and is involved in the handling of this case.

2. That he has thoroughly reviewed the medical records and facts of this case.

3. That we have consulted and reviewed the facts of this case with a health care professional who the Affiant is informed and believes is qualified by experience and demonstrated competence, practices or has practiced within the last six years in the same area of health care that is at issue, is knowledgeable in the relevant issues involved in this particular action, is licensed to practice medicine in all its branches, and meets the expert witness standards set forth in Section 8-2501.

4. That said reviewing health care professional has, based on their review of the Plaintiff's medical records, other relevant material, and consultation with Affiant, determined in written reports attached hereto, that there is a reasonable and meritorious cause for the filing of the instant action as against each Defendant.

5. That your Affiant has concluded based on said consultation and on reviewing the health care professional's review, that there is a reasonable and meritorious cause for filing the instant action.

FURTHER, YOUR AFFIANT SAYETH NOT.

PHILLIPS LAW OFFICES

Stephen Phillips

SUBSCRIBED and SWORN to before me

this 11th day of ____June____, 2020.

Notary Public

OFFICIAL SEAL
KELLY A. WILLOUGHBY
Notary Public - State of Illinois
My Commission Expires 3/06/2022

FILED DATE: 6/12/2020 1:58 PM   2020L006328

I am a physician, licensed to practice medicine for over 35 years. I am board-certified in obstetrics and gynecology and have practiced in that specialty for over 35 years. I am familiar with the standards of care which are related to obstetrics and gynecology generally, as well as applicable to both labor and delivery and the induction of labor.

I have reviewed the pre-natal medical records and medical records of Swedish Covenant Hospital related to the care and treatment of Mikaznaaz Saiyed and Hoorayn Saiyed. I believe there is a reasonable and meritorious basis for filing a medical malpractice action against Swedish Covenant Hospital and its employees and/or agents including but not limited to Dr. Sarah Lambeth and Nursing Midwife Carly Bendzans.

The medical records indicate that Ms. Saiyed experienced an amniotic fluid embolism (AFE) as a result of the improper and unsafe medical treatment, monitoring, and supervision during induced labor including but not limited to the improper use, monitoring, and supervision of labor induction drugs that cause frequent and strong uterine contractions.

The Swedish Covenant medical records reveal that Ms. Saiyed was admitted on the morning of May 29, 2019 for an induction of labor. Ms. Saiyed was given the drugs Cytotec and Pitocin to induce and hasten labor. The administration of these drugs must be carefully monitored and supervised. Ms. Saiyed remained in labor throughout the day and evening of May 29th. The medical records indicate that Ms. Saiyed experienced marked uterine tachystole, which is a condition of excessively frequent uterine contractions. Tachystole is a known risk of these induction agents, while physicians and midwives are trained to know and appreciate the dangers of uterine tachysystole, both generally and specifically when the mother is receiving these drugs.

Alarmingly, the records indicate that despite the presence of uterine tachysystole, an induction drug was inappropriately continued, during which time Ms. Saiyed exhibited

FILED DATE: 6/12/2020 1:58 PM   2020L006328

dangerously strong and frequent uterine contractions. This was a violation of the standard of care, since this drug should have been discontinued immediately. As such, Ms. Saiyed's uterus was not given the appropriate amount of time to relax. This put Ms. Saiyed at substantial risk of an adverse event , such as AFE. It also appears that at this time, baby Hoorayn was experiencing fetal intolerance to labor and demonstrating nonreassuring FHR tracings. It does not appear that an obstetrician or maternal fetal medicine physician personally saw or examined Ms. Saiyed at any time prior to approximately 11:00 P.M., nor does it appear that Ms. Bendzans alerted any obstetrician or maternal fetal medicine physician prior to about 11:00 P.M.. All of the above were violations of the standard of care and constituted unsafe medical practice. Swedish Covenant failed to have in place those safeguards, policies, or procedures that required an obstetrician and/or maternal fetal medicine physician to personally monitor, examine, and evaluate a patient such as Ms. Saiyed. To allow only a nurse or nurse-midwife to physically monitor, examine, supervise and direct Ms. Saiyed's labor (which was complicated and protracted) was inappropriate and also violated the standard of care. The standard of care required Dr. Lambeth to physically evaluate and examine Ms. Saiyed prior to 11:00 P.M.

On the evening of May 29th, Ms. Saiyed experienced symptoms of bradycardia, confusion, and shortly became unresponsive. Baby Hoorayn continued to experience marked fetal intolerance to labor/distress and fetal bradycardia. Indeed, baby Hoorayn was not receiving sufficient oxygen. The rapid response team was called and Dr. Lambeth arrived for what appears to be the first time on that day. The decision was made to perform an emergency Cesarean section. Ms. Saiyed underwent Cesarean section, but unfortunately baby Hoorayn was deprived of sufficient oxygen for a sustained period of time, such that she suffered hypoxic ischemic

FILED DATE: 6/12/2020 1:58 PM 2020L006328

encephalopathy. Her Apgar scores, which measure infant health at the time of birth and shortly thereafter, were poor.

AFE is incredibly dangerous to both mother and fetus and can be deadly. Ms. Saiyed suffered an AFE, disseminated intravascular coagulation, and eventually died (related to multiple complications from this AFE) after being transferred to another hospital.

As per the aforementioned, an obstetrician and/or maternal fetal medicine physician (the standard of care would be identical for a maternal fetal medicine physician or an obstetrician in this situation) needed to physically supervise and direct Ms. Saiyed's labor, as well as personally examine and evaluate her. A reasonably prudent and careful physician and/or nurse-midwife would have recognized that Ms. Saiyed was having dangerously frequent and/or excessive contractions, would have timely intervened and administered medical care and those treatments that were required by the standard of care. If these standards of care had been appropriately met, this AFE, Ms. Saiyed's death, and baby Hoorayn's injuries and damages would have been avoidable.

All of the above violations of the standard of care caused or contributed to Ms. Saiyed's death and baby Hoorayn's injuries and the damages following therefrom.

I could expand on these opinions as more information and materials become available. I reserve the right to amend or supplement this report with further information in the future.

In summary, this tragedy could have been avoided.


Very truly yours,