19592 ALG/LJY/KMK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AHZAR SAIYED, Individually and as Administrator of the ESTATE OF MIKAZNAAZ SAIYED, Deceased and as Father and Next Friend of HOORAYN SAIYED SAIYED, a Minor<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, SWEDISH COVENANT HOSPITAL, SWEDISH COVENANT HEALTH, SWEDISH COVENANT MANAGEMENT HEALTH SERVICES, INC.,<br><br>Defendants. | Case No. 2020 cv 5524 |

## DEFENDANTS' PARTIAL MOTION TO DISMISS

Defendants, Swedish Covenant Health d/b/a Swedish Covenant Hospital and Swedish Covenant Management Services, Inc., by and through their attorneys, Kominiarek Bresler Harvick & Gudmundson, LLC, bring the following Partial Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) for failing to comply with the mandates of 735 ILCS 5/2-622. Specifically, Defendants move to dismiss Count VI of Plaintiff's Amended Complaint, and any and all allegations of negligence relating to the care and treatment of HOORAYN SAIYED, A Minor. In support thereof, Defendants state as follows:

1. On June 12, 2020, Plaintiff filed a Complaint at Law alleging acts of negligence against these Defendants. On October 5, 2021, Plaintiff filed an Amended Complaint, alleging identical allegations of negligence against these Defendants. This Amended Complaint is attached as **Exhibit A**.

2. In Count VI, Plaintiff alleges negligence against these Defendants for injuries to HOORAYN SAIYED, a Minor. Specifically, Plaintiff itemizes nineteen (19)

different ways in which defendant was allegedly negligent. See **Exhibit A**, Count VI, at ¶ 41, subparts (a) through (x).

3. As required by 735 ILCS 5/2-622, attached to Plaintiff's Amended Complaint is a Rule 2-622 report. See **Exhibit A**, at 23-25; See also *Sherrod v. Lingle,* 223 F.3d 605, 613 (7th Cir. 2000).

4. Plaintiff's Rule 2-622 report does not comply with the mandates prescribed by Illinois jurisprudence. Therefore, Plaintiff's Amended complaint as it relates to HOORAYN SAIYED should be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6). Therefore, Plaintiff's Amended Complaint as to the allegations relating to HOORAYN SAIYED, should be dismissed. 735 ILCS 5/2-622(g).

## Argument

The purpose of 735 ILCS 5/2-622 is to reduce the number of frivolous lawsuits filed and to eliminate such actions at an early stage. *Deluna v. St. Elizabeth's Hosp.*, 147 Ill. 2d 57, 65 (1992). The physician's report is sufficient when the plaintiff's health care professional specifically states: (1) what the defendant specifically did; (2) the reasons why that activity constituted a breach of the applicable standard of care; and (3) the adverse effects suffered by the plaintiff as a result of the breach. *Mueller*, 299 Ill. App. 3d at 576.

Furthermore, the reviewing physician must include specific details to <u>explain</u> the basis for their conclusion of negligence. *Batten v. Retz*, 182 Ill. App. 3d 425, 430 (3d Dist. 1989) (emphasis added). Illinois law mandates that § 2-622 reports must amount to more than a "generalized conclusion of malpractice." *Jacobs v. Rush NorthShore Med. Ctr.*, 284 Ill. App. 3d 995, 999 (1st Dist. 1996). To be sufficient, the report must be more than a generalized conclusion of malpractice and must specifically discuss what actions were

inappropriate that give rise to the physician's opinions. *Jacobs,* 284 Ill. App. 3d 995, 1000 (1st Dist. 1996).

Jurisprudence further requires that the report must describe both the deficiencies in the medical care, along with the 2-622 affiant's reasoning. *Maldonado v. Sinai Medical Grp., Inc.,* 2008 WL 161671, at *4 (N.D. Ill. January 6, 2008). In addition, the report must either set forth the standard of care or the appropriate alternative. *Hull v. S. Illinois Hosp. Servs.,* 826 N.E.2d 930, 935 (Ill. App. Ct. 2005). If the Plaintiff sets forth an alternative treatment, the report must elaborate on how Plaintiff's condition would have been improved had this alternative been pursued. *Tucker v. St. James Hosp.,* 665 N.E.2d 392, 396 (Ill. App. Ct. 1996). The failure to satisfy the requirements of Rule 2-622 requires mandatory dismissal. *Sherrod,* 223 F.3d at 613 (7th Cir. 2000).

In this case, the Affidavit relating to the care rendered to HOORAYN SAIYED does not satisfy the mandates set forth above. The first mention of HOORAYN SAIYED is a statement that "baby HOORAYN was experiencing fetal intolerance to labor and demonstrating non reassuring FHR tracings." See **Exhibit A**, at p. 24. The report then continues to discuss monitoring of the HOORAYN SAIYED's mother, also a named Plaintiff in this case.

In the next paragraph, Plaintiff asserts that HOORAYN SAIYED "continued to experience marked fetal intolerance to labor/distress and fetal bradycardia. Indeed, baby HOORAYN was not receiving sufficient oxygen." **Exhibit A**, at p. 24. The report indicates that the rapid response team was called and Dr. Lambeth arrived, an emergency Cesarean section was called, "but unfortunately baby HOORAYN was deprived of sufficient oxygen for a sustained period of time, such that she suffered hypoxic ischemic encephalopathy." The report terminates with the conclusory statement that "baby HOORAYN's injuries and damages would have been avoidable." **Exhibit A**, at p. 25.

3

The statements contained within the Rule 2-622 reports as to HOORAYN SAIYED are insufficient. Plaintiff never identifies which of Defendant's agents was negligent, what exactly needed to be done, and how this failure caused injury. The *Mueller* Court explicitly held that these components are required to be included in the 2-622 report. Furthermore, the Rule 2-622 report is silent on the affiant's reasoning as to any alleged negligence relating to HOORAYN SAIYED as required by the *Maldonado* Court. Finally, Plaintiff supplies no appropriate alternative, nor does he set forth how pursuing an alternative would have resulted in a different outcome for HOORAYN SAIYED.

Plaintiff's report is nothing more than generalized conclusions of negligence, which case law proscribes. Therefore, this report as to any negligence and resulting injuries to HOORAYN SAIYED is insufficient.

WHEREFORE, Defendants, Swedish Covenant Health d/b/a Swedish Covenant Hospital and Swedish Covenant Management Services, Inc., respectfully requests this Honorable Court to enter an order dismissing Count VI of Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to file a report pursuant to 735 ILCS 5/2-622, or for any other relief this Court deems just and reasonable

> KOMINIAREK BRESLER HARVICK & GUDMUNDSON, LLC
>
> By: _____
> Attorneys for Defendants, Swedish Covenant Health d/b/a Swedish Covenant Hospital and Swedish Covenant Management Services, Inc.

Amy L. Garland - agarland@kbhglaw.com
Laura J. Young - lyoung@kbhglaw.com
Katherine M. Kelleher  - kkelleher@kbhglaw.com
**Kominiarek Bresler Harvick & Gudmundson, LLC**
33 N. Dearborn St., Suite 1310
Chicago, IL 60602
312-322-1111
Service accepted at: service@kbhglaw.com