19592 ALG/LJY/KMK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AHZAR SAIYED, Individually and as Administrator of the ESTATE OF MIKAZNAAZ SAIYED, Deceased and as Father and Next Friend of HOORAYN SAIYED SAIYED, a Minor<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA, SWEDISH COVENANT HOSPITAL, SWEDISH COVENANT HEALTH, SWEDISH COVENANT MANAGEMENT HEALTH SERVICES, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2020 cv 5524 |

## DEFENDANTS' REPLY TO PLAINTIFFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' PARTIAL MOTION TO DISMISS

Defendants, Swedish Covenant Health d/b/a Swedish Covenant Hospital and Swedish Covenant Management Services, Inc., by and through their attorneys, Kominiarek Bresler Harvick & Gudmundson, LLC, and in Reply to Plaintiff's Response in Opposition to Defendants' Partial Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) for failing to comply with the mandates of 735 ILCS 5/2-622. Specifically, Defendants move to dismiss Count VI of Plaintiff's Amended Complaint, and any and all allegations of negligence relating to the care and treatment of HOORAYN SAIYED, A Minor.

In support thereof, Defendants state as follows:

1. Plaintiff's claim that Defendants have "improperly heightened" the requirements of 735 ILCS 5/2-622 is without merit. Defendants have correctly cited the applicable law and quoted from valid and authoritative sources. Plaintiff has failed to

support his contention that Defendants have misstated the law with any source whatsoever.

2. Defendants are not claiming Plaintiff's 2-622 must guarantee any likelihood of success; however, as set forth Defendants' Motion, the report must contain more than a generalized conclusion of malpractice and must specifically discuss what actions were inappropriate that gave rise to the physician's opinions. *Jacobs,* 284 Ill. App. 3d 995, 1000 (1st Dist. 1996).

3. Plaintiff's 2-622 report as it pertains to HOORAYN SAIYED, falls short of these requirements.

4. Plaintiff argues that the 622 report "logically outlines" the standard of care and the deviations. Notably, Plaintiff's Response in Opposition does not identify these deviations as set forth in her 2-622 report.

5. Defendants are not asking this Court to "plead detailed evidence", Defendants are moving for what they are entitled: A recitation of what Plaintiff is claiming the appropriate care would have been and how this would have changed HOORAYN SAIYED'S condition. Plaintiff's Report contains neither. As a result, Defendants are prejudiced as we have not been provided appropriate notice to enable an effective defense.

6. Defendants' prayer for relief is in accordance with applicable law and lies within the discretion of this court. Any contention that Defendants' prayer for relief is in contravention to law is inaccurate. Plaintiff provides no support for this assertion.

WHEREFORE, Defendants, Swedish Covenant Health d/b/a Swedish Covenant Hospital and Swedish Covenant Management Services, Inc., respectfully requests this Honorable Court to enter an order dismissing Count VI of Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to file a report pursuant to 735 ILCS 5/2-622, or for any other relief this Court deems just and reasonable

                                                KOMINIAREK BRESLER HARVICK & GUDMUNDSON, LLC

                                                By: _____

                                                Attorneys for Defendants, Swedish Covenant Health d/b/a Swedish Covenant Hospital and Swedish Covenant Management Services, Inc.

Amy L. Garland - agarland@kbhglaw.com
Laura J. Young - lyoung@kbhglaw.com
Katherine M. Kelleher - kkelleher@kbhglaw.com
**Kominiarek Bresler Harvick & Gudmundson, LLC**
33 N. Dearborn St., Suite 1310
Chicago, IL 60602
312-322-1111
Service accepted at: service@kbhglaw.com